IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DARWIN G. KNIGHT, :
:
    Petitioner, :
:
vs. : CIVIL ACTION 10-00240-CG-B
:
TONY PATTERSON, :
:
    Respondent. :

## REPORT AND RECOMMENDATION

This is an action brought pursuant to 28 U.S.C. § 2254 by Darvin G. Knight, an Alabama prison inmate. This action has been referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases, and is now ready for consideration. The record is adequate to determine Petitioner's claim; thus, no federal evidentiary hearing is required. Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1333-35 (11th Cir. 2004), cert. denied, 545 U.S. 1149 (2005). Upon careful consideration, it is recommended that the petition be dismissed as a successive petition under 28 U.S.C. § 2244(b)(3)(A) because the Court lacks jurisdiction to consider it.

I. **NATURE OF PROCEEDINGS**

Petitioner Darvin G. Knight was convicted of capital murder in the Circuit Court of Mobile County, Alabama, in May 1994. He

received a life sentence without the possibility of parole. (Doc. 7, Ex. A) On June 18, 2008, Knight filed a habeas petition in this Court, namely Knight v. Culliver, CA No. 08-00365-WS-M. In his petition, Knight argued that he was denied due process and a fundamental fair trial when he was denied the right to appeal his petition for post conviction relief challenging the validity of his capital murder conviction. Id. In a report and recommendation dated November 17, 2008, the Magistrate Judge recommended the dismissal of Knight's petition. Id. On November 25, 2008, the report and recommendation was adopted by the district court, and judgment was entered in favor of the Respondent. (Doc. 7, Ex. B).

Knight filed the instant habeas petition on May 4, 2010.[1] (Doc. 1). He raises one claim in this petition. Knight claims that he was denied due process and a fundamental fair trial where he was tried and convicted without a grand jury indictment. (Id. at 7) . Respondent contends that the instant habeas petition should be dismissed because, having previously filed a petition for habeas relief in this Court, Knight was required to apply to the Eleventh Circuit Court of Appeals for leave in order to pursue the instant successive habeas petition.

---

[1] This is the date that Knight signed and presumably delivered the instant habeas petition to prison officials for filing. (Doc. 1, p. 13)

According to Respondent, this Court lacks jurisdiction to review this petition pursuant to 28 U.S.C. § 2244(b)(3)(A) without authorization from the Eleventh Circuit Court of Appeals. (Doc. 7, p. 2).

**II. ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA") added the provision under 28 U.S.C. §2244(b)(3)(A) which requires that "'[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" Guenther v. Holt, 173 F.3d 1328, 1330 (11th Cir. 1999) (quoting 28 U.S.C. § 2244(b)(3)(A)), cert. denied, 528 U.S. 1085 (2000).

As noted supra, Knight's first habeas petition was filed on June 18, 2008, and was dismissed on November 11, 2008. His current petition, filed on May 4, 2010, is clearly a successive petition. As such, this Court lacks jurisdiction to entertain the current petition absent Knight first obtaining permission from the Eleventh Circuit Court of Appeals. Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir.), cert. denied, 520 U.S. 1203 (1997). Knight does not allege, and the record in this case does not reflect that he obtained an order from the Eleventh Circuit authorizing this Court to consider the instant petition. U.S.

v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); Farris v. U.S., 333 F.3d 1211, 1216 (11th Cir. 2003). Because Knight has not applied to the Eleventh Circuit Court of Appeals for permission to file a second habeas petition, this Court lacks jurisdiction to consider Petitioner's request for relief.

**III. CONCLUSION**

Accordingly, the undersigned Magistrate Judge recommends that the present habeas corpus petition be dismissed due to Petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A).

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this the **30th** day of **August, 2010**.


                          **/S/ SONJA F. BIVINS**
                         **UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

l.  *Objection*.  Any party who objects to this recommendation, or anything in it, must, within **fourteen** days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[5] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[5]The Court's Local rules are being amended to reflect the new computations of time as set out in the amendments to the Federal Rules of Practice and Procedure, effective December 1, 2009.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  ***Transcript (applicable Where Proceedings Tape Recorded).*** Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.